IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAMUEL ALDAZ MERAZ, | CV 23–93–M–DWM |
| Petitioner, | |
| vs. | ORDER |
| JULIE ANNE FLORA a/k/a JULIE ANNE CRIPE, | |
| Respondent. | |

Petitioner Samuel Aldaz Meraz filed a Verified Petition for the return of his child to Mexico under the Convention on the Civil Aspects of International Child Abduction (the "Convention" or "Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001, et seq. (Doc. 1.) Specifically, the Petitioner alleges that as of March 28, 2022, Respondent has wrongfully retained the Child in the United States within the meaning of Article 3 of the Convention and continues to do so despite Petitioner's efforts to have the Child returned to Mexico. (*Id.*) Petitioner has also filed a motion for a temporary restraining order ("TRO"), (Doc. 4), and a motion to expedite, (Doc. 5). Both are denied without prejudice. To be clear, while the Court intends to give this matter expedited consideration, *see* Convention, art. 11; *Holder v. Holder*, 392 F.3d 1009, 1022–23

1

(9th Cir. 2004), the case cannot proceed until Respondent is served in accordance with 22 U.S.C. § 9003(c).

Petitioner has alleged that he does not have Respondent's address.  (*See* Doc. 1 at ¶ 43.)  Before the Court can set a discovery, briefing, and hearing schedule, Petitioner must demonstrate that Respondent is aware of the proceedings. *See* 22 U.S.C. § 9003(c) ("Notice of an [ICARA action] shall be given in accordance with the applicable law governing notice in interstate child custody proceedings."); 28 U.S.C. § 1738A(e) ("Before a child custody or visitation determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of the child.").  Thus, the case cannot proceed until Respondent is served in accordance with Montana law.  *See Peyre v. McGarey*, 2023 WL 2308326, at *1 (D. Ariz. Mar. 1, 2023).  Once Respondent is properly served, the Court will hold a case management conference and set a timeline within the six weeks as envisioned by the Convention.

Petitioner's motion for a TRO is also denied.  A request for a TRO is analyzed under the same standards as a request for a preliminary injunction except that a TRO may be issued without notice so long as there is an affidavit or verified complaint alleging specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A); *Stuhlbarg Int'l Sales Co. v. John D Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, Petitioner must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see id.* at 24 ("A preliminary injunction is an extraordinary remedy never awarded as of right."). Because Petitioner has failed to show a likelihood of irreparable harm in the absence of a TRO, the motion is denied and the Court need not consider the other elements at this time. *See DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011) (explaining that all four elements must be met).

Here, Petitioner requests a TRO because Respondent "has already absconded once with the child and refused to provide her address to [Petitioner]. Giving advance notice of this proceeding would only facilitate another unlawful removal to a location outside this Court's jurisdiction." (Doc. 6 at 15.) However, the evidence presented by Petitioner indicates that Respondent has family in Montana, came directly to Montana in March 2022, and has not left since that time. (*See* Doc. 1 at ¶¶ 43, 44; Doc. 1-1 at 11, 13, 20, 42.) Respondent also filed for divorce in Montana, proposed a parenting plan in Lake County, and has counsel

representing her. (*See* Doc. 1-1 at 2–5.)  While it is concerning that Respondent's exact address is unknown—and has allegedly been willfully withheld, (*see* Doc. 1 at ¶ 43)—Petitioner has not presented any specific evidence suggesting that Respondent is likely to flee from Montana or take their minor child anywhere else. Such a showing is generally required to issue a TRO in this context. *See Peyre*, 2023 WL 2308326, at *2 (collecting cases).  Moreover, even if the Court were inclined to grant the requested relief, it is not clear that either an injunction or an expedited schedule would have any practical effect because Respondent is not aware of these proceedings. *Compare with Culculoglu v. Culculoglu*, 2013 WL 1413231, at *5 (D. Nev. Apr. 4, 2013) (granting a request for a TRO and expedited schedule in a Convention case but specifically ordering that it be served on the respondent by the United States Marshal's Service at the respondent's known address).

   Accordingly, IT IS ORDERED Petitioner's motion for a temporary restraining order (Doc. 4) and motion for an expedited hearing (Doc. 5) are DENIED WITHOUT PREJUDICE.

   IT IS FURTHER ORDERED that Petitioner shall serve Respondent in accordance with 22 U.S.C. § 9003(c) by September 7, 2023, and file an accompanying Proof of Service within four days of effectuating service.  Once Respondent is properly served and notice of that service is provided to the Court, a

case management conference will be held and an expedited schedule set.

DATED this 25th day of August, 2023.

_____
Donald W. Molloy, District Judge
United States District Court